UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | |
| Quadrant 4 System Corporation, *et al.*,[1] | Chapter 11 |
| Debtors. | Case No. 17-19689 |
| | (Jointly Administered) |
| | Honorable Jack B. Schmetterer |
| Amherst Partners LLC, solely as Liquidating Trustee of the Quadrant 4 Liquidating Trust, | |
| Plaintiff, | Adv. Proc. No. 19-00784 |
| v. | |
| Grant Kreft, | |
| Defendant. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR DEFAULT JUDGMENT

Upon review of the record, including: Plaintiff's Complaint; Summons Executed, Motion for Default; with supporting exhibits and affidavits; Certificate of Service of Motion for Default; Order of Default, the Court makes the following findings of fact and conclusions of law:

### Procedural History

1. This Court has subject matter jurisdiction over this adversary proceeding (the "***Adversary Proceeding***"), which arises under the Bankruptcy Code, and arises in and relates

---

[1] The Debtors in these jointly administered chapter 11 cases are Quadrant 4 Systems Corporation ("***Quadrant 4***") and Stratitude, Inc. ("***Stratitude***").

1

to a case under the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "*Bankruptcy Court*"), case number 17-19689, (Dkt. No. 192) under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue is proper in the Northern District of Illinois under 28 U.S.C. §§ 1408 and 1409.

3. The Debtors filed voluntary chapter 11 bankruptcy petitions on June 29, 2017 ("*Q4 Petition Date*") and October 13, 2017 ("*Stratitude Petition Date*") (collectively, the "*Petition Dates*," and each, a "*Petition Date*") in the Bankruptcy Court.

4. On July 12, 2018, the Bankruptcy Court entered an order confirming an Amended Joint Plan of Liquidation (the "*Plan*") for the Debtors' bankruptcy estates. (Dkt. No. 463).

5. Under the terms of the Plan and corresponding documents, all causes of action, including those arising under §§ 544, 547, 548, 549, 550, and 502(d) of the Bankruptcy Code, were assigned to the Liquidating Trust.

6. On June 21, 2019, the Trustee initiated the above-captioned adversary proceeding against Defendant by filing a complaint seeking to avoid and recover preferential transfers from Defendant under §§ 547 and 550 of the Bankruptcy Code in the amount of $15,046.47 (the "*Complaint*") (Dkt. No. 1). The Trustee's Complaint seeks (a) interest on the avoidable transfers at the legally allowable rate from the demand date until a judgment is entered by the Court; and (b) to disallow Defendant's claims against the Debtors' estates under § 502(d) of the Bankruptcy Code.

7. On June 21, 2019, the Clerk of the Court issued a summons (the "*Summons*") to Defendant. (Dkt. No. 2).

8.      On June 21, 2019, the Trustee properly served Defendant with the Complaint and Summons via U.S. Mail pursuant to Bankruptcy Rule 7004. (Dkt. No. 4)

9.      On July 2, 2019, the Trustee filed proof of service of the Complaint and the Summons demonstrating Defendant was properly served. (Dkt. No. 4)

**Findings of Fact**

10.     The preferential transfers made by the Debtors were transfers of an interest of one or more of the Debtors in property.

11.     Each preferential transfer was made for or on account of an antecedent debt owed by one or more of the Debtors to Defendant before such transfer was made.

12.     Each preferential transfer was made on or within ninety (90) days before the Petition Date. Defendant was either: (i) the initial transferee of the preferential transfers; (ii) the entity for whose benefit the preferential transfers were made; or (iii) an immediate or mediate transferee thereof.

13.     Defendant has neither paid nor surrendered the preferential transfers or their equivalent value to the Trustee.

14.     Defendant may have a claim against the Debtors' estates.

**Conclusions of Law**

15.     The Trustee objects to any and all of Defendant's claims including, without limitation, all pre and post-petition claims pursuant to § 502(d) of the Bankruptcy Code.

16.     Defendant is neither an unrepresented infant nor an incompetent person who has failed to appear in this action.

17. Under Bankruptcy Rule 7012(a), Defendant was required to answer or otherwise plead within thirty (30) days after the issuance of the Summons on or after July 22, 2019.

18. Each preferential transfer was made to or for the benefit of Defendant, within the meaning of § 547(b)(1) of the Bankruptcy Code, because each preferential transfer either reduced or fully satisfied a debt then owed by one or more of the Debtors to Defendant.

19. Each of the Debtors was insolvent throughout the Preference Period because the sum of each Debtor's respective debts was greater than the fair value of its respective assets.

20. Defendant was a creditor of one or more of the Debtors within the meaning of §101(10)(A) of the Bankruptcy Code at the time of each of the Preferential Transfers.

21. The Trustee may avoid the preferential transfers under § 547 of the Bankruptcy Code.

22. Upon the avoidance of the preferential transfers under § 547 of the Bankruptcy Code, the Trustee may recover the preferential transfers or equivalent value from the Defendant or any mediate or immediate transferee pursuant to § 550 of the Bankruptcy Code.

23. The Trustee may recover the preferential transfers or equivalent value from Defendant under § 550 of the Bankruptcy Code.

24. The Trustee is entitled to judgment against Defendant in the amount of $15,046.47, plus post judgment interest.

25. Section 502(d) of the Bankruptcy Code provides that the claim of any entity or transferee receiving a payment that is avoidable under § 547 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment or value of the payment.

26. The Liquidating Trustee is entitled to judgment against Defendant disallowing all claims of Defendant against Debtors, if any, whether asserted in a proof of claim or scheduled on the Debtors' schedules of assets and liabilities, unless and until Defendant returns the amount of the avoided transfers to the Liquidating Trust.

Dated this ___ day of _____, 2019

2 1 JAN 2020

Jack B. Schmetterer
United States Bankruptcy Judge